IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRIAN JOSEPH ALBERT,<br>Petitioner, | § § § | |
| v. | § | Civil Action No. 4:11-CV-627-Y |
| REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br>Respondent. | § § § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    Nature of the Case**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.    Parties**

Petitioner Brian Joseph Albert, Reg. No. 85200-008, is a federal prisoner who was incarcerated at FCI-Fort Worth when this petition was filed. The Federal Bureau of Prisons's website reflects that he is currently residing at a halfway house or community correction center (CCM), now known as a residential reentry center (RRC), at CCM Phoenix, Community Corrections Office, 230 N. First Avenue, Suite 405, Phoenix, Arizona 85003.

The Respondent is Rebecca Tamez, Warden of FCI-Fort Worth.

## C. Procedural History

By the instant habeas petition, petitioner challenges a disciplinary proceeding conducted at the Lubbock Unit and the resultant loss of 27 days good conduct time. (Resp't App. at 1-6). Petitioner was charged with possession of unauthorized items and intoxicants, code 305 and 222 violations. (Resp't App. at 15-17) According to the incident report, on December 12, 2010, at 9:35 a.m.–

> [d]uring a routine shakedown, [Joanne Avanti (Drug Treatment Specialist)] was going through the items in inmate Albert, Brian's (Reg. No. 85200-008) locker where the following items were located: two full canisters marked "kiwi drink" of what looks to be rock salt, one 3/4 full of what appears to be coffee creamer in a container marked "Folgers Coffee," a "kiwi drink" canister with one boiled egg, and one "jelly/jam" container with a purplish colored liquid that had a strong odor of alcohol or intoxicants. All items were turned over to the Lt. Christie who using the Intoximeter Alco-Sensor III tested the purple liquid which registered a reading of .138 for intoxicant at 10:05 a.m.

(Resp't App. at 2, 15)

Petitioner received a copy of the incident report, was advised of his rights in connection with the disciplinary proceeding, and appeared for a disciplinary hearing before a disciplinary hearing officer (DHO) on January 26, 2011. (*Id.* at 15-16, 18-19) The DHO considered documentary evidence, including the incident report and investigation, a memorandum dated January 24, 2011, written by Drug Treatment Specialist Avanti, the "alcohol test log" indicating the intoximeter was calibrated on December 2, 1010, and a photo of the intoximeter with a reading of .138 and the purple substance, dated December 2, 2010. (*Id.* at 12-13, 15-17, 24) The DHO also considered petitioner's admission that the items were his and that he used them to make ice cream and the statements of three other inmates that petitioner used the items to make ice cream. (*Id.* at 11-12) The DHO found

2

petitioner committed the prohibited acts and imposed various sanctions, including the loss of 27 good conduct time days. (*Id.* at 4, 13)

Thereafter, petitioner came into possession of an undated memorandum written by two correctional officers stating–

> Be advised that Officer Frantz and Officer Bertzyk conducted random Alcohol testing in December 2010/January 2011 on specific commissary items. We concluded the test on Lubbock Upper on the following; honey and grape jelly. Due to the heat on the unit, a positive test were shown on both of these commissary items. This was conducted using the P.A.S. Alcohol testing machine. We did not test these items with the Alco-Sensor III or IV machines located in the Lieutenant[']s office.

(*Id.* at 26)

Because the memorandum was not available to petitioner before the original disciplinary hearing, the South Central Regional Discipline Hearing Administrator (DHA) determined that the DHO's findings should be reconsidered. (*Id.* at 4) The DHA contacted FCI-Fort Worth staff, informed staff members that the tests conducted by the correctional officers were done using the P.A.S. testing device, which is not an acceptable test for disciplinary purposes, and directed staff members to conduct tests on grape jelly and honey. (*Id.* at 5) Tests were conducted using both the P.A.S. testing device and the Alco-Sensor III device resulting in negative tests.

DHO, Milton B. White, was assigned to reconsider the original findings. White states in his affidavit filed in this proceeding–

> 12. On February 8, 2012, I reconsidered the evidence and took into account the correctional officer's memorandum and the recent email from the staff at FCI Fort Worth, which shows the recent test conducted on grape jelly. I found based upon the greater weight of evidence that Albert did commit the prohibited acts. I based my decision on the fact that Albert was in possession of contraband (rock salt, a boiled egg and anything not stored in the original container) and a suspect liquid stored in a jam/jelly container as shown in the picture with the Alco-Sensor III device included [in] the DHO report, which tested positive for intoxicants. I found that

3

greater weight was placed with staff's statements rather than Albert's claim that he did not intend to make intoxicants. I considered Albert's admission to possessing contraband. I took into account the correctional officer's memorandum stating that several commissary items to include grape jelly were tested using the passive breathalyzer resulting in positive tests. I cited in the reconsidered DHO report that "passive systems are not approved for evidentiary use in legal and disciplinary proceedings." I further indicated that the Alco Sensor III and the more recent versions are the only recognized means of testing to be documented on incident reports. I noted that the intent of an individual is not cited in the policy in order to presume involvement in making, possessing or using intoxicants. I also indicated that the .138 reading was a great difference in the recognized test of .02 for a positive reading of the presence of alcohol. I stated that the testimony of Albert's witnesses confirmed his involvement in the unauthorized making of food items and possessing them. I said that the positive result on the grape jelly as indicated in the correctional officer's memorandum was not a valid test. I also said that recent testing on grape jelly by the Alco-Sensor III machine resulted in an negative test.

(*Id.* at 6)

Petitioner pursued his administrative remedies, to no avail. This federal petition was filed on October 5, 2011.

**D.    Issues**

Petitioner claims it was an abuse of discretion to find him guilty because the cause of the "fermentation" of the jelly was defective air conditioning and cell overcrowding in the prison unit. (Form Pet., Insert; Pet'r Mem. at 2) Petitioner further claims the loss of 27 days of good conduct time and his subsequent removal from the drug treatment program caused the extension of his release date from May 24, 2011, to February 19, 2012, resulting in cruel and unusual punishment. (Pet., Insert; Pet'r Mem. at 2) He seeks restoration of his good conduct time and immediate release. (Pet., Insert; Pet'r Mem. at 4) Petitioner was transferred from FCI-Fort Worth to a halfway house or RRC in Tucson, Arizona, on February 14, 2012. (Resp't App. at 1)

**E.     Discussion**

To the extent petitioner's claims are not now moot as a result of his release, his claim that the sanctions were cruel and unusual is properly brought in a civil rights lawsuit. *Palmer v. Johnson*, 1993 F.3d 346, 352 (5th Cir. 1999); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). Further, nothing in the disciplinary records supports the conclusion that the hearing officers abused the wide discretion accorded to them for conducting disciplinary proceedings. Instead, the record shows that the disciplinary hearing officers' finding of guilt was neither arbitrary and capricious nor an abuse of discretion. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981). This court is not free to retry the disciplinary charges and substitute its opinion for that of the DHO under the circumstances.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that this petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 15, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May 15, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April __24__, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE